[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15206
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00538-VMC-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

NERENE ERICA HARRISON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 2, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nerene Erica Harrison appeals her conviction, following a jury trial, for

engaging in marriage fraud for the purpose of evading the immigration laws. *See*

18 U.S.C. § 1325(c). She challenges the district court's admission of evidence of a previous fraudulent immigration form that she had filed. She also challenges the district court's refusal to instruct the jury on the defense of good faith reliance on the advice of counsel with respect to that form.

After review of the record and the parties' briefs, we affirm.

# I

We assume the parties are familiar with the background of this case, and set out the facts only as necessary to explain our decision.

In September 2010, Ms. Harrison filed a Form I-129 in an attempt to extend her work visa, which had expired in June 2010. The Form I-129 certified that she was filing on behalf of her employer, and that her employer empowered her to do so. She filed the Form I-129 with the assistance of a licensed attorney, Pablo Hurtado.

The Form I-129 was rejected by the U.S. Customs and Immigration Service ("USCIS").  Ms. Harrison's employer informed USCIS that Ms. Harrison's visa extension had expired, that there had been no discussion toward renewing it, and that neither Ms. Harrison nor Mr. Hurtado was authorized to file the Form I-129 on its behalf.

In August of 2011, Ms. Harrison married Robert Kenneth Scott Cruz, a U.S. citizen. Ms. Harrison then applied for permanent resident status based on her

marriage to Mr. Cruz.  In early 2012, USCIS scheduled Ms. Harrison and Mr. Cruz

for an interview. The interviewing officer was aware of Ms. Harrison's previously

rejected Form I-129. When Mr. Cruz was interviewed separately, he admitted that

his marriage to Ms. Harrison was a sham marriage in order to obtain permanent

resident status for Ms. Harrison. He also acknowledged that Ms. Harrison

promised to pay him $6,000 for his involvement in the marriage.

## II

We review for abuse of discretion a district court's denial of a motion *in*

*limine* to exclude evidence. *See United States* v. *Reeves*, 742 F.3d 487, 501 (11th

Cir. 2014). Evidence of a defendant's uncharged criminal activity is considered

intrinsic to the charged offense, and is admissible, where (1) it arose out of the

same transaction or series of transactions as the charged offense; (2) it is necessary

to complete the story of the crime; or (3) it is inextricably intertwined with the

evidence regarding the charged offense.  *See United States v. Troya*, 733 F.3d

1125, 1131 (11th Cir. 2013). Where evidence of uncharged criminal activity is not

intrinsic, but extrinsic to the charged offense, it may be admitted under Federal

Rule of Evidence 404(b)(2) for the limited purpose of proving the defendant's

motive, opportunity, or knowledge with respect to the charged offense.  Extrinsic

evidence is admissible if (1) it is relevant to an issue other than the defendant's

character; (2) the act is established by sufficient proof such that a jury could find

that it occurred; and (3) the probative value of the evidence is not substantially outweighed by its prejudicial effect. *See United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015).

The evidence concerning Ms. Harrison's submission of the fraudulent Form I-129 was not intrinsic to the subsequent marriage fraud offense. It did not arise from the same transaction, was not necessary to complete the story of the crime, and was not inextricably intertwined with the marriage fraud. The evidence was admissible, however, under Rule 404(b)(2), as evidence of Ms. Harrison's motive, plan, and intent to remain in the United States by fraudulent means. *See Holt*, 777 F.3d at 1266. The prior fraud was relevant to Ms. Harrison's intent as to the alleged marriage fraud (an issue other than Ms. Harrison's character), it was established by sufficient proof such that a jury could find that it occurred, and its probative value was not substantially outweighed by its prejudicial effect. *See id.*

## III

We review a refusal to give a requested jury instruction for abuse of discretion. *See United States v. Duperval*, 777 F.3d 1324, 1331 (11th Cir. 2015). This standard requires us to determine whether the requested instruction was correct, was not adequately covered by instructions that were given, and involved a point "so important that failure to give the instruction seriously impaired the party's ability to present an effective case." *Id*. at 1334.

4

The defense of good-faith reliance on the advice of counsel can negate the *mens rea* element of willfulness with respect to a criminal charge. *See United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013). A defendant may be entitled to an instruction on this defense if she meets the relatively low burden of putting forth some evidence to support the instruction. *See United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011).

In this case, however, the district court did not abuse its discretion in declining to issue the requested jury instruction. The requested instruction did not go to the pending criminal charge of marriage fraud, but rather to a prior act admitted under Rule 404(b). We have not found any cases requiring an advice of counsel instruction in such a scenario. Moreover, the instruction was not so important that failure to give it seriously impaired Ms. Harrison's ability to present an effective case. *Duperval*, 777 F.3d at 1331.

The district court noted, moreover, that giving the proposed jury instruction would confuse the jury because Ms. Harrison's defense depended on convincing the jury that the marriage to Mr. Cruz was genuine, not on her convincing the jury that she had filed the Form I-129 at an earlier time in good faith. The district court ensured that she had the opportunity to present to the jury her good faith theory as to the Form I-129, and she testified that she had relied on the advice of counsel.

5

Ms. Harrison's case was not seriously impaired when the district court did not give an advice of counsel instruction as to the prior submission of the Form I-129.

## IV

We affirm Ms. Harrison's conviction.

**AFFIRMED.**